# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LOPEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>DERRAL ADAMS,<br><br>　　　　　　　Respondent. | 1:08-cv-01270-OWW-JMD-HC<br><br>FINDINGS AND RECOMMENDATIONS<br>REGARDING PETITION FOR WRIT OF<br>HABEAS CORPUS<br><br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Juan Lopez ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

In 1990, Petitioner was convicted of assault with a firearm and kidnaping.  (Pet. at 2).  The sentencing court sentenced Petitioner to a term of seven years to life with the possibility of parole. (Id.).

On January 3, 2007, Petitioner appeared before California's Board of Parole Hearings (BPH) for a parole suitability determination.  (Answer, Ex. A).  The BPH found Petitioner unsuitable for parole.  (Id.).

Petitioner challenged the BPH's 2007 denial of parole by filing a petition for writ of habeas corpus with the San Diego County Superior Court.  The Superior Court issued a reasoned decision denying Petitioner relief.  (Answer, Ex. B).

///

1    Petitioner filed a  petition for writ of habeas corpus before the California Court of Appeal,

2 and the Court of Appeal issued a reasoned decision denying Petitioner relief on April 17, 2008.

3 (Answer, Ex. D).  Petitioner then filed a petition for review in the California Supreme Court.  The

4 California Supreme Court summarily denied the petition on June 25, 2008.  (Answer, Ex. F).

5    Petitioner filed the instant federal petition for writ of habeas corpus on August 21, 2008.

6 (Doc. 1).  Respondent filed an answer to the petition on February 19, 2009. (Doc. 21).  Petitioner

7 filed a traverse on February 26, 2009.  (Doc. 23).

8                              **Factual Background**

9    Petitioner does not challenge his underlying conviction or sentence in this action.  Rather,

10 Petitioner contends that the BPH's denial of parole to him at his 2007 hearing violated his due

11 process rights.  Accordingly, the factual background relevant to the instant petitioner concerns

12 Petitioner's 2007 parole hearing.[1]

13    Petitioner attended his 2007 parole hearing and was assisted by counsel. (*See* Answer, Ex.

14 A).  Petitioner was given an opportunity to be heard and to present evidence on his own behalf

15 concerning his parole suitability.  (Id.).  At the hearing, the BPH considered Petitioner's adult and

16 juvenile criminal histories, his record of discipline while incarcerated, the commitment offense,

17 Petitioner's participation in self-help programing as an inmate, Petitioner's parole plans, and

18 Petitioner's mental health evaluations. (*See* Answer, Ex. D).  The BPH explained its reasons for

19 denying Petitioner parole during the decision portion of the hearing.  (Answer, Ex. A at 93-97).  The

20 BPH relied on Petitioner's commitment offense, juvenile criminal history, "limited" programing

21 while incarcerated, disciplinary record while incarcerated, lack of insight into his crime, and an

22 unfavorable mental health evaluation in determining that Petitioner was unsuitable for parole. (Id.).

23 ///

24 ///

25 ///

26

27 ───────────────

[1] The Court omits the BPH's factual summary of the offense because it is not necessary to determine whether Petitioner's
28 commitment offense provides a legitimate independent basis for Petitioner's 2007 parole denial in this action. As discussed
below, other evidence cited by the BPH is sufficient to satisfy the "some evidence" requirement notwithstanding the BPH's
characterization of the commitment offense.

**Discussion**

## I.      Jurisdiction and Venue

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a)[2]; 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375, n.7 (2000).  Venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody.  *See* 28 U.S.C. § 2241(d).

Petitioner asserts that he is currently incarcerated at Corcoran State Prison in Kings County, California, in violation of his right to due process under the United States Constitution.  As Kings County is within the Eastern District of California, the Court has jurisdiction to entertain the petition and venue is proper in the Eastern District.  28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

## II.      Standard of Review

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction."  *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting *White  v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)).  Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment.  *Lindh v. Murphy*, 521 U.S. 320, (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

III.    **Petitioner's "Some Evidence" Due Process Claim**

      **A. The Due Process Framework**

      The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving persons of protected liberty interests without due process of law.  *See, e.g., Sass*, 461 F.3d at 1127.  The Court must "analyze Petitioner's due process claim in two steps: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'"  *Id.* (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) *partially overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

      California law vests prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date.  *Irons v. Carey*, 505 F.3d 846, 850-51 (9th Cir. 2007); *Sass*, 461 F.3d at 1128; *McQuillion v. Duncan*, 306 F.3d 895, 903 (9th Cir. 2002) (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 12 (1979)); *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003).  Although California's parole statute creates a liberty interest protected by the Due Process Clause, *Irons*, 306 F.3d at 903, "since the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in [a criminal prosecution proceeding] is not constitutionally mandated" in the parole context, *Pedro v. Oregon Parole Bd.*, 825 F.3d 1396, 1399 (9th Cir. 1987).  Due process requires that a parole board's denial of parole to a prisoner be supported by "some evidence."[3]  *Irons*, 505 F.3d at 851 (citing *Sass*, 461 F.3d at 1128-29 (quoting *Superintendent v. Hill*, 472 U.S. 445, 457(1985)); *see also Biggs*, 334 F.3d at 915; *McQuillion*, 306 F.3d at 904.  The requirement that the parole board's denial of parole to Petitioner be supported by some evidence is clearly established federal law.[4]  *See Irons*, 505 F.3d at 851 (citing *Sass*, 461 F.3d at 1128-29 (quoting *Superintendent v.*

---

[3] The Ninth Circuit is currently considering the "some evidence" standard en banc.  *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008) *reh'g en banc granted*, 527 F.3d 797 (2008).

[4] Respondent contends that no clearly established federal law requires that California parole decisions be supported by "some evidence."  "The Supreme Court need not have addressed the identical factual circumstances at issue in a case in order for it to have created 'clearly established' law governing that case....rather, it is enough that the Supreme Court has prescribed a rule that plainly governs the petitioner's claim."  *McQuillion*, 306 F.3d at 901 (citations omitted).  Further, this Court is not authorized to disregard the settled law of the Ninth Circuit, which holds that the "some evidence" requirement is clearly established federal law in the parole context. *See id.*

1   *Hill*, 472 U.S. 445, 457(1985)); *see also Biggs*, 334 F.3d at 915; *McQuillion*, 306 F.3d at 904.

2      The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is

3 not so devoid of evidence that the findings of...[the] board were without support or otherwise

4 arbitrary.'" *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457). "Ascertaining whether [the some

5 evidence] standard is satisfied does not require...weighing of the evidence. ..the relevant question is

6 whether there is any evidence in the record that could support  the conclusion reached." *Hill*, 472

7 U.S. at 455-456.   Want of due process is not established by showing merely that incompetent

8 evidence was received and considered.  *United States ex rel. Vajtauer v. Commissioner of*

9 *Immigration*, 273 U.S. 103, 106 (1927).[5]  "Upon a collateral review in habeas corpus proceedings, it

10 is sufficient that there was some evidence from which the conclusion of the administrative tribunal

11 could be deduced." *Id.*  "The fundamental fairness guaranteed by the Due Process Clause does not

12 require courts to set aside decisions of prison administrators that have some basis in fact." *Hill*, 472

13 U.S. at 456 (citations omitted).

14      In assessing whether the parole board's denial of parole to Petitioner is supported by "some

15 evidence," the Court's analysis "is framed by the statutes and regulations governing parole suitability

16 determinations in the relevant state." *Irons*, 505 F.3d at 851.  Accordingly, the Court must look to

17 California law "to determine the findings that are necessary to deem a prisoner unsuitable for parole,

18 and then must review the record in order to determine whether the state court decision holding that

19 these findings were supported by 'some evidence' in Petitioner's case constituted an unreasonable

20 application of the 'some evidence' principle articulated in *Hill*." *Id.*

21      Under California law, the paramount inquiry in determining whether to grant a prisoner

22 parole is whether the prisoner "will pose an unreasonable risk of danger to society if released from

23 prison." CAL. CODE. REGS. TIT 15, § 2402(a) (2008); *In Re Lawrence*, 44 Cal. 4th 1181, 1202 (Cal.

24 2008).  Title 15, section 2402 of the California Code of Regulations sets forth the factors to be

25 considered by the BPH in applying California's parole statute to Petitioner.  Section 2402 provides in

26 part:

27

28 [5] *Vajtauer* concerned a collateral challenge to an immigration decision.  The Supreme Court cited *Vajtauer* in support of its formulation of the some evidence standard in *Hill*. 472 U.S. at 455.

> All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

CAL. CODE. REGS., tit. 15, § 2402(b) (2008).  Factors supporting a finding of unsuitability for parole include misconduct while incarcerated and psychological risk factors.  CAL. CODE REGS., tit. 15, § 2402(c).

The factors listed in section 2402(c) "establish unsuitability [for parole] if, and only if, those circumstances are probative to the determination that a prisoner remains a danger to the public." *Lawrence*, 44 Cal.4th at 1212.   "When a court reviews a decision of the Board or the Governor, the relevant inquiry is whether some evidence supports the decision ...that the inmate constitutes a current threat to public safety...not merely whether some evidence confirms the existence of certain factual findings." *Id.*  A rational nexus between the unsuitability factors applicable to the prisoner and the ultimate determination of dangerousness must exist. *See id.* at 1227

**B. Review of Petitioner's State Habeas Proceeding**

The Court must "look through" the summary disposition of the California Supreme Court to the last reasoned decision issued by the State. *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991).  As the California Court of Appeal issued the last reasoned decision denying Petitioner relief in his state habeas actions, this Court must determine whether the California Court of Appeal's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 75.

The Court of Appeal held that the BPH's denial of parole to Petitioner was supported by some evidence of current dangerousness; specifically, the Court of Appeal noted the BPH's permissible reliance on the nature of the commitment offense, Petitioner's disciplinary infractions while in prison, Petitioner's lack of insight into his crime, and Petitioner's less-than-favorable psychological report. (Answer, Ex. A at 93-97).  Each of these factors may be considered by the BPH in determining parole suitability. *See* CAL. CODE REGS., tit. 15, §§ 2402(c)(3)-(6).

1    The Court cannot say that the California Court of Appeal's decision denying Petitioner relief

2 was objectively unreasonable.  As the BPH noted, a psychologist's report on Petitioner prepared

3 approximately two months prior to the 2007 parole hearing determined that Petitioner's risk of

4 dangerousness if released on parole was "above average" at the time of the 2007 hearing.  (Answer,

5 Ex. A at 97; Pet. Vol. 3 at 30).  The psychologist further opined that Petitioner "ranked slightly

6 above average for future violence within a controlled setting."  (Id.).  The psychologist's assessment

7 was based on Petitioner' attitude toward the crime and risk of relapsing into substance abuse if

8 released into society. (Id. at 26-30).  It is axiomatic that there is a rational nexus between Petitioner's

9 dangerousness at the 2007 hearing and the finding of dangerousness contained in the psychologists'

10 report.  Accordingly, the psychologist's assessment of Petitioner's dangerousness constitutes "some

11 evidence" sufficient to support the BPH's parole denial.  The Court need not address the remaining

12 evidence of Petitioner's unsuitability discussed by the BPH, as due process is satisfied so long as

13 there is any evidence to support the BPH's conclusion.  *See Sass*, 461 F.3d at 1128 ("relevant

14 question is whether there is *any* evidence in the record that could support the conclusion reached")

15 (emphasis added); *see also Biggs*, 334 F.3d at 916 (despite the fact that several of the Board's

16 reasons for denying parole were not supported by the record, some evidence as to one of the Board's

17 reasons was sufficient to preclude habeas relief).  Because the California Court of Appeal's

18 determination that the some evidence standard had been satisfied was entirely reasonable, Petitioner

19 is not entitled to relief under section 2254.

20 **IV.    Petitioner's Remaining Claims**

21        **A. Lack of Articulated Nexus**

22        Petitioner contends that "[i]f a BPH panel uses, as here, immutable offense facts to justify

23 denying parole, it must *de minimus* articulate some nexus or bearing the facts it dutifully recites have

24 upon the risk to public safety."  (Pet. at 41).  Initially, the Court notes that Petitioner's argument fails

25 under its own terms, as the BPH **did not** rely solely on Petitioner's commitment offense to deny

26 Petitioner parole.  Further, as noted above, it is axiomatic that there is a rational nexus between the

27 psychologists' assessment of Petitioner's dangerousness and Petitioner's dangerousness at the time

28 of his 2007 hearing.  Most importantly, Petitioner cites no clearly established federal law which

1  holds that a prisoner's due process rights are violated when, despite being supported by some

2  evidence, a parole board's decision to deny parole does not articulate a nexus between unsuitability

3  factors and current dangerousness.  Petitioner's argument therefore fails to state a cognizable claim

4  for relief under section 2254.  28 U.S.C. § 2254(d).

5  **B. Sentencing Argument**

6  Petitioner contends that "the only arguably viable ground for the 2007 panel's finding ...was

7  the gravity of the offense, " and that continued reliance on his commitment offense to deny parole

8  effectively converts his sentence to a life sentence without the possibility of parole.  (Pet. at 46-50).

9  Petitioner's argument is of no avail because the record demonstrates that the BPH did not rely solely

10 on Petitioner's commitment offense to deny Petitioner parole.  Accordingly, Petitioner's argument

11 lacks merit.

12 **C. Plea Bargain Claim**

13 Petitioner argues that the State has impermissibly re-characterized Petitioner's crime as

14 murder in order to deny Petitioner parole, and that such re-characterization violates Petitioner's plea

15 agreement.  (Id. at 51).[6]  Petitioner complains that the BPH's characterization of Petitioner's offense

16 as "especially heinous, atrocious, or cruel" recasts "his kidnaping offense into a category of the most

17 severe first degree murders."  (Id. at 52).  The essence of Petitioner's argument is that the state has

18 reneged on its promise to punish Petitioner for kidnaping and is instead punishing Petitioner as if he

19 had been convicted of murder, contrary to his plea agreement. (Id. at 53-54).  Petitioner's argument

20 overlooks the simple fact that Petitioner's plea agreement resulted in a permissible seven years *to life*

21 sentence.  Petitioner has not been punished more severely than his plea bargain contemplated simply

22 because he has not yet been found suitable for parole.  Nor is Petitioner being punished as if he

23 committed the crime of murder.  To the contrary, Petitioner's minimum eligible parole date was

24 based on the seven years to life sentence he received, whereas Petitioner's minimum eligible parole

25 date would have been based, at best, on a fifteen-year minimum sentence had he been convicted of

26

27

28

---

[6] Petitioner correctly points out that a criminal defendant's right to due process entitles him to enforce the terms of a plea agreement. *E.g., Santobello v. New York*, 404 U.S. 257, 261-62 (1971); *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993) ("Plea agreements are contractual in nature and are measured by contract law standards."). However, Petitioner points to no specific term of the plea agreement that the State has allegedly violated.

1   murder. *See People v. Huynh*, 229 Cal. App. 3d 1067, 1081 (Cal. Ct. App. 1991) (noting fifteen-year

2   minimum eligible parole date for *second* degree murders committed after November 8, 1978).

3   Petitioner is not entitled to relief on his plea bargain claim.

4       **C. Two-Year Denial**

5       Petitioner contends that the BPH's decision to issue a two-year parole denial violated his due

6   process rights because the BPH's action was arbitrary and not supported by the evidence.  (Pet. at

7   54).  Petitioner cites no clearly established federal law in support of this contention.  Assuming

8   *arguendo* that a California prisoner's due process rights are violated by the BPH's unsupported

9   decision to issue a multi-year parole denial, in the instant case, the BPH's decision was supported by

10   "some evidence."  The BPH's decision to defer annual parole consideration hearings is guided by the

11   same criteria used to determine parole suitability.  *E.g., In re Lugo*, 164 Cal.App.4th 1522, 1537

12   (Cal. Ct. App. 2008) (citations omitted).  As discussed above, Petitioner's most recent psychological

13   evaluation provided "some evidence" sufficient to justify denial of parole, and the BPH could

14   reasonably conclude that the report provided the basis for a two-year denial.  "The reasons for

15   postponing the next scheduled parole hearing need not be completely different from the reasons for

16   denying parole suitability...[r]ather, the only requirement is an identification of the reasons that

17   justify postponement."  *Id*. (citations omitted).  Here, the BPH adequately identified its reasons for

18   issuing a two-year denial.  Accordingly, Petitioner's claim lacks merit.

19       <u>**RECOMMENDATION**</u>

20       Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of

21   habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter

22   judgment for Respondent.

23       This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

24   States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

25   of the Local Rules of Practice for the United States District Court, Eastern District of California.

26   Within thirty (30) days after being served with a copy, any party may file written objections with the

27   court and serve a copy on all parties.  Such a document should be captioned "Objections to

28   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

U.S. District Court

E. D. California

9

1  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The

3  parties are advised that failure to file objections within the specified time may waive the right to

4  appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  **Dated:  December 14, 2009**               **/s/ John M. Dixon**
                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28